# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 12, 2006

128447

MITCHELL D. PUGH,
      Plaintiff-Appellant,

v

DEPARTMENT OF CORRECTIONS,
      Defendant-Appellee.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 128447
COA: 260183
Gratiot CC: 03-008373-AA

On order of the Court, the application for leave to appeal the February 25, 2005 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

CORRIGAN, J., concurs and states as follows:

I concur in the order denying leave to appeal. In response to Justice Kelly's dissenting statement, I would note that plaintiff waited until the very last minute to mail his application for leave to appeal. Plaintiff placed the document in the prison mail *only one business day before the filing deadline*. There is no indication whatsoever that the Michigan Department of Corrections delayed the filing of plaintiff's application. Rather, it was plaintiff's own belated mailing that caused him to miss the filing deadline. Therefore, contrary to Justice Kelly's view, this is not a case that calls for the adoption of a prison mailbox rule.

KELLY, J., dissents and states as follows:

Defendant lost his right to seek an appeal because his petition arrived at the court one day late. Defendant placed his petition in the prison mailbox on January 7. The deadline for filing was January 10. Prison officials put the petition in the United States mail on January 10, and it was delivered on January 11. Because it was one day late, plaintiff lost his right to seek an appeal.

Justice Corrigan suggests that, because defendant waited until the last day to mail his application, he is no longer entitled to his appeal as of right. I believe that defendant is given no less time within which to file than is someone who is not incarcerated. It would be fundamentally unfair to conclude otherwise.

In order to remedy the wrong done in this case, the Court should adopt a prison mailbox rule. It could make filing of appeals effective as of the date a prisoner puts his petition in the hands of prison authorities. This would compensate for the fact that the prisoner cannot go to the court to file his petition and cannot even get to a United States Postal Service mailbox, as others can.

Approximately 18 states have adopted a prison mailbox rule. Eighteen years ago, the United States Supreme Court in *Houston v Lack*[1] wrote, "[T]he *pro se* prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities when he cannot control or supervise and we may have every incentive to delay."

Federal appellate courts have adopted a formal prison mailbox rule. FRAP 4(c). Michigan should accord prisoners the same access to the courts.

---

[1] 487 US 266, 271; 108 S Ct 2379; 101 L Ed 2d 245 (1988).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 12, 2006

s0509

Clerk